**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DONNA HILL, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 20-cv-01933 |
| vs. | ) ) | Hon. Martha M. Pacold |
| LVNV FUNDING LLC and RESURGENT CAPITAL SERVICES L.P., | ) ) ) | |
| Defendants. | ) ) ) | |

**<u>FIRST AMENDED CLASS ACTION COMPLAINT</u>**

Plaintiff, Donna Hill, on behalf of herself and a putative class, brings this action under the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

**<u>JURISDICTION AND VENUE</u>**

1.　This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. §

1331.

2.　Venue is proper in this District because parts of the acts and transactions occurred

here and Defendants transact substantial business here.

**<u>STANDING</u>**

3.　Defendants sent Plaintiff a collection letter that failed to adequately disclose her

rights under the FDCPA.

4.　Plaintiff has a congressionally defined right to receive all communications from a

debt collector free from any misrepresentations.　*Genova v. IC Systems, Inc.*, No. CV 16-5621,

2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5.     Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]"). Further, a violation of § 1692c(b) gives rise to a concrete injury-in-fact for Article III standing and that a debt collector's transmittal of a consumer's personal information to a third-party vendor constitutes a communication "in connection with the collection of any debt" under § 1692c(b). *Keller v. Northstar Location Servs*., 2021 U.S. Dist. LEXIS 157820, *5-6 (N.D. Ill August 20, 2021).

## PARTIES

6.     Plaintiff, Donna Hill ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect an Alleged Debt for a Credit One Bank, N.A. consumer credit card account.

7.     Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

8.     Defendant, LVNV Funding LLC ("LVNV"), is a Delaware limited liability company that does or transacts business in the State of Illinois. Its registered agent is Illinois Corporation Service, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

9.     LVNV is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts that it purports to own.

2

10. LVNV buys defaulted consumer debts for no more than five cents on the dollar, then attempts to collect the face value of the debt from consumers, via third parties.

11. LVNV attempts to collect the consumer debts it purports to own through entities such as Codefendant Resurgent Capital Services L.P.

12. LVNV maintains a website, www.lvnvfunding.com.

13. At the time of filing of this complaint, LVNV's website read in part as follows:

> Your Account Has A New Owner: LVNV Funding
>
> You still owe your debt but the new owner is LVNV Funding. LVNV Funding outsources the management of its portfolio of accounts to a company called Resurgent Capital Services. Resurgent Capital Services is a fully licensed third-party debt collector specializing in the management of these types of consumer assets. Resurgent may contact you directly or may ask one of their collection agency partners to help them reach out to you.

https://lvnvfunding.com/, Accessed 23 March, 2020.

14. LVNV purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers.

15. LVNV's principal business purpose is the collection of defaulted consumer debts.

16. In fact, at least 75 percent of LVNV's revenue comes from collections it obtains "indirectly" via lawsuits, credit reporting and collection letters, on defaulted consumer debts that it asserts to own, that are originated by others.

17. LVNV holds a collection agency license from the State of Illinois.

18. LVNV uses interstate commerce and the mails to collect defaulted consumer debts, the collection of which constitutes the principal purpose of its business, and LVNV is thus a "debt collector" as that term is defined in § 1692a(6) of the FDCPA.

19. Resurgent Capital Services L.P., ("Resurgent") is a servicer of defaulted consumer debts, which collects debts on behalf of purchasers of defaulted consumer debts, such as LVNV in this case, via the mailing of collection letters and telephone communications made to Alleged Debtors in connection with the collection of the Alleged Debts that they attempt to collect.

20. Resurgent is a South Carolina corporation that does or transacts business in Illinois. Its registered agent is Corporation Service Company, 1703 Laurel Street, Columbia, South Carolina.

21. The management of assets purchased by LVNV is outsourced to Resurgent, a third-party specializing in the management of these types of consumer assets. Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs these services on their behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in most cases, will outsource the recovery activities to other, independent, specialized, licensed collection agencies.

22. Resurgent holds a collection agency license from the State of Illinois.

23. Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers. It manages accounts across the credit spectrum including performing accounts, sub- and non-performing accounts, secured accounts, and unsecured accounts.

24. Resurgent was hired to collect the Alleged Debt on behalf of LVNV.

25. Resurgent manages and services charged-off consumer debt portfolios for LVNV.

26. Resurgent maintains a website, www.resurgent.com.

27. Resurgent's website reads in part as follows:

…

### 3) FEDERAL AND STATE DISCLOSURES

Resurgent Capital Services L.P. is a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

https://portal.resurgent.com/terms-conditions-disclosures?_ga=2.202767379.36788904.1584645028-840023825.1584645028https://resurgent.com/, Accessed 23 March, 2020.

28.     Resurgent is thus a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly collects defaulted consumer debts on behalf of others, including LVNV.

29.     Resurgent collects defaulted consumer debts on behalf of LVNV directly, or by outsourcing the recovery activities to other, independent, specialized, licensed collection agencies.

### FACTUAL ALLEGATIONS

30.     According to Defendants, Plaintiff incurred an Alleged Debt for a Credit One Bank, N.A. consumer credit account ("Account") with an account number ending in 8662 ("Alleged Debt").

31.     The Alleged Debt was incurred as a result of purchases made for personal, family, and household items, such as food and gas.

32.     The Alleged Debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

33.     Due to her financial circumstances, Plaintiff could not pay the Alleged Debt, and the account associated with the Alleged Debt went into default.

34.     LVNV asserts to have thereafter purchased the Alleged Debt, and began collection activities on the Alleged Debt.

35.     On or about May 20, 2019, Resurgent, on behalf of LVNV, sent Plaintiff a collection letter ("Letter") in an attempt to collect the Alleged Debt. (Exhibit A, Collection Letter).

36.     The Letter conveyed information regarding the Alleged Debt, including an account number and balance due.

37.     Plaintiff read and reviewed the Letter.

38.     The Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

39.     The Letter indicated that Resurgent was the new servicer of the Alleged Debt.

40.     Plaintiff, however, wasn't aware of any previous "servicer" of the Alleged Debt.

41.     In fact, LVNV's website indicates that Resurgent services the debts which LVNV asserts to own and attempt to collect. https://www.lvnvfunding.com, Accessed 19 March, 2020.

42.     Plaintiff was confused as to the "servicing change" referenced in the Letter.

43.     The Letter was Resurgent's initial communication with Plaintiff concerning the Alleged Debt.

44.     The Letter contained a "Notice of Debt" as that term is understood and defined under section 1692g of the FDCPA.

45.     The Letter did not indicate, however, that Plaintiff had a right to obtain information as to the name and address of the original creditor.

46.     Section 1692g requires that Plaintiff be informed of her right to obtain information as to the name and address of the original creditor.

47.     Plaintiff believed that the information she was receiving from Resurgent was incorrect.

6

48.     Plaintiff would have requested the address of the original creditor had she known she had a right to do so.

49.     Plaintiff, had she been informed of her rights, would have requested the address of the original creditor for the purpose of writing the original creditor to clarify the amount of the Alleged Debt, as well as to confirm the identity of the current owner and servicer, as Plaintiff was confused about the statements in the Letter.

50.     Instead, Plaintiff, through the actions of a third-party debt management company, settled and paid the Alleged Debt off.

51.     Plaintiff paid the Alleged Debt off to buy peace.

52.     Plaintiff incurred an expense to the third-party debt management company for its services in effecting resolution of the Alleged Debt.

53.     Plaintiff does not believe that she owes the Alleged Debt to LVNV.

54.     Plaintiff would have not paid the Alleged Debt had she known she could have obtained further information about the entity that originated the debt.

55.     The Letter omits material information that Plaintiff relied upon in making a decision regarding payment of the Alleged Debt, and that an unsophisticated consumer would have relied upon in making a decision regarding payment of the Alleged Debt.

56.     15 U.S.C. § 1692g of the FDCPA provides as follows:

**Validation of debts**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

> **. . . (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

57.     The Letter does not disclose Plaintiff's rights under 15 U.S.C. 1692g(a)(5) to request and obtain the name and address of the original creditor.

58.     Resurgent failed to provide required disclosures to Plaintiff, in violation of 15 U.S.C. § 1692(g) when it failed to advise Plaintiff of her right to request the name and address of the original creditor of the Alleged Debt.

59.     It is well settled that an incomplete statement of the section 1692g(a)(1) through (5) information violates the FDCPA. *See e.g.*, *Baker v. G.C. Servs. Corp.*, 677 F.2d 775 (9th Cir. 1982); *Lombardi v. Columbia Recovery Group, L.L.C.*, 2013 WL 5569465 (W.D. Wash. Oct. 9, 2013) (omitted "any portion" of the debt); *Wilson v. Mattleman, Weinroth & Miller*, 2013 WL 2649507 (D.N.J. June 12, 2013) (failed to state that the debt would be assumed valid); *Wenig v. Messerli & Kramer P.A.*, 2013 WL 1176062 (D. Minn. Mar. 21, 2013) (failed to state the thirty-day time period in which to submit a written dispute); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736 (N.D. Ill. 2003) (failure to state any portion of debt may be disputed and omitting words "in writing").

60.     LVNV bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Resurgent. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

61.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

8

## COUNT I—CLASS ALLEGATIONS—1692g violation

62.     Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

63.     Resurgent failed to provide required disclosures to Plaintiff, in violation of 15 U.S.C. § 1692(g), when it failed to advise Plaintiff of her right to request the name and address of the original creditor of the Alleged Debt.

64.     Plaintiff, Donna Hill, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Resurgent attempted to collect a debt on behalf of LVNV (3) by mailing a collection letter substantially similar to Exhibit A (4) which does not include a statement communicating that, upon a consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, or a statement substantially similar to the same (5) which letters were mailed during the period of time that begins one year prior to the filing of this Class Action Complaint, and ends on the date of filing of this Class Action Complaint.

65.     The Letter is a form letter.

66.     As the letter at issue is a form letter, the Class likely consists of more than 40 persons from whom Defendants attempted to collect a debt in the manner described.

67.     Plaintiff 's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

68.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

69.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

70.     LVNV's net worth is over $50,000,000.

71.     Resurgent's net worth is over $50,000,000.

72.     Plaintiff has retained counsel that have previously been appointed as class counsel in class action cases filed pursuant to alleged violations of the FDCPA.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

a.     Statutory damages in favor of plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(2)(B), and any actual damages incurred;

b.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

c.     Such other or further relief as the Court deems proper.

## **COUNT II—CLASS ALLEGATIONS—1692c violation**

73.     Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

74.     The Letter bears markings that are characteristic of ones generated by a letter vendor, including numbers and barcodes around the edges of the Letter.

75.    On information and belief, these markings are used to identify the letter template and client being serviced by the letter vendor.

76.    One of more of the Defendants hired and caused a letter vender to send the Letter to Plaintiff.

77.    In order to have the letter vendor send Plaintiff the letter, one of more of the Defendants had to furnish the vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's account, and other personal information.

78.    Employees of the letter vendor then populated some or all of this information into a prewritten template, which was printed and mailed to Plaintiff on behalf of Defendants.

79.    Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third party with the objective being communication with and motivation of the consumer to pay the Alleged Debt.

80.    Plaintiff did not consent to having her personal and confidential information, concerning the account or otherwise, shared with anyone else.

81.    In limiting disclosures to third parties, the FCDPA states, at 15 U.S.C. §1692c(b):

> **Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

82.    Section 1692b allows debt collectors to communicate with third parties only for the purpose of acquiring "location information" regarding the debtor, and then only if they do not state that the consumer owes any debt.

11

83.     The third party mail vendor used by Defendants as part of their debt collection efforts against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

84.     If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details of the debt, then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

85.     Plaintiff's privacy was invaded when Defendant communicated with the third-party mailing vendor in connection with the collection of a debt.

86.     Specifically, the letter vendor and its employees learned that Plaintiff owed a consumer credit debt, to whom the debt was owed, the age of the debt, and the amount of the debt.

87.     The letter vendor, and its employees, also learned the address of the Plaintiff.

88.     One of more of the Defendants violated §1692c(b) of the FDCPA by communicating with its vendor information about the Account in connection with the collection of the Account.

89.     Plaintiff brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom one or more Defendants attempted to collect a delinquent Credit One Bank, N.A. debt (3) by mailing a letter substantially similar to Exhibit A, (4) which one of more Defendants caused a letter vendor to send to consumers (5) which letters were mailed during the period of time that begins one year prior to the filing of this Class Action Complaint, and ends on the date of filing of this Class Action Complaint.

90.     Plaintiff 's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

91.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

92.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

93.     LVNV's net worth is over $50,000,000.

94.     Resurgent's net worth is over $50,000,000.

95.     Plaintiff has retained counsel that have previously been appointed as class counsel in class action cases filed pursuant to alleged violations of the FDCPA.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

a.     Statutory damages in favor of plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(2)(B), and any actual damages incurred;

b.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

c.      Such other or further relief as the Court deems proper.


Respectfully submitted,

Donna Hill,

By: */s/ Mario Kris Kasalo*
One of Plaintiff's Attorneys

**The Law Office of M. Kris Kasalo, Ltd.**
4950 Madison Street
PO Box 1425
Tele 312- 726-6160
Fax  312-698-5054
mario.kasalo@kasalolaw.com

Celetha Chatman
Michael Wood
Community Lawyers, LLC.
980 N. Michigan Avenue, Suite 1400
Chicago, IL 606011
Ph: 312-757-1880
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

# EXHIBIT A

P.O. BOX 1410
TROY, MI 48099-1410
RETURN SERVICE REQUESTED





**RESURGENT**
*Capital Services*



Current Owner: LVNV Funding LLC
Account ID: 682577785
Account Number: Ending in 8662
Current Balance: $2,464.59
Original Creditor: Credit One Bank, N.A.


S-SFIRUX10 L-0011 R-18
PA3K8600300765 - 580021168 I02294
DONNA HILL



*Client 13095*

*Hello.* Your account has a new home.

05/20/2019

Dear Donna Hill:

This letter will serve as notification that effective 05/17/2019 LVNV Funding LLC has placed your account with Resurgent Capital Services L.P. ("RCS") for servicing. To ensure a smooth transfer, please review the following information.

If your account is currently being paid via ACH (automatic payment drafting from your checking account) the information will not transfer to us from your prior servicer. Please call our office at 877-893-0165 if you wish to re-establish automatic payment drafting with RCS.

If your account is being managed by a third party debt management provider, please notify them of the servicing change in order for RCS to properly service your account and ensure payments are processed in a timely manner. If the account is no longer being serviced by a third party please contact us to discuss the many payment options available to you in order to resolve this debt.

It is easy to work with RCS

* Call and confirm your payment plan
* Select your payment method
* Verify your contact information

As of the date of this letter, the account balance is $2,464.59. Should you desire to make a payment on this account, please contact us at the number below.

One of our professional account managers will be in touch with you by telephone to assist in finding the best solution for you or contact us today at 877-893-0165.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

Sincerely,

Resurgent Capital Services L.P.

Please remit payments to:

Resurgent Capital Services L.P.
P.O. Box 10465
Greenville, SC 29603-0465


Monday-Friday:
8:00AM-5:00PM


Correspondence address:
P.O. Box 10497
Greenville, SC 29603-0497


Phone: 877-893-0165
Fax: 866-467-0912


Pay online: Portal.Resurgent.com
e-Mail: contactcs@resurgent.com

**SEE REVERSE SIDE OR ATTACHED FOR AN IMPORTANT STATEMENT OF YOUR RIGHTS.**

P I000001 A-682577785 0102J0400

**Please read the following important notices as they may affect your rights.**

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2021, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to all registered CM/ECF users.



By: <u>*/s/ Mario Kris Kasalo*</u>
Mario Kris Kasalo